UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHAKEEM HINDS, BRIAN CUMMINGS and
GAVIN NELSON,

             Plaintiffs,

-against-              **COMPLAINT AND JURY DEMAND**

CITY OF NEW YORK; POLICE OFFICER NICHOLAS
CARDIERI (Shield No. 11420); POLICE OFFICER
DENNIS DIAZ (Shield No. 1270); DETECTIVE JULIO
MARTINEZ (Shield No. 7441); SERGEANT LEONARDO
DeOLIVEIRA; and JOHN DOES 1–3,
             Defendants.
------------------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

   This lawsuit addresses the systemic failure of the New York City Police Department ("NYPD") and the City of New York to protect the rights the Plaintiffs, three young men of African descent, and others who are similarly situated to be free from racial and ethnic discrimination. While this systemic failure can manifest itself in various ways, in this instance, here, it was manifested, inter alia, in the seizure of the Plaintiffs without any reasonable suspicion of the Plaintiffs engaging in or having engaged in criminal activity and the arrests of two of the Plaintiffs without probable cause, as well as a cover up of the deprivation of Plaintiffs' rights by means of arrest paperwork replete with false information.

   By failing to possess reasonable suspicion to approach, question and demand documentation from Plaintiffs in the first instance and by failing to possess probable cause for arrest, the NYPD Officers are personally liable to Plaintiff for violating their rights. By causing the aforementioned systemic failure through its custom, policy and practice of encouraging, allowing and condoning such violations of rights by NYPD officers and encouraging, allowing and condoning such racial and ethnic discrimination, based upon the false narrative that such

racist tactics are legitimate law enforcement tools when, quite the contrary, they are tools of unlawful, racial oppression, the City of New York, as a municipal entity, is liable to Plaintiffs for violating their rights.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331, in that the claims arise, *inter alia*, under federal law, under 28 U.S.C. § 1343(a), in that the claims arise under laws providing for the protection of civil rights and under 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction of this case under 28 U.S.C. §1332, as Plaintiffs allege violations of their rights under, *inter alia*, the Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that this case involves claims brought under the laws of the City and State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York in that Plaintiffs' claims arose in this District, many of the Defendants' actions and omissions complained of occurred in this District.

5. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b).

## PARTIES

6. Plaintiff SHAKEEM HINDS is an African-American man and resident of New York State.

7. Plaintiff BRIAN CUMMINGS is an African-American man and resident of New York State.

8. Plaintiff GAVIN NELSON is an African-American man and resident of the Commonwealth State of Massachusetts.

9. Defendant CITY OF NEW YORK is a municipal entity within New York State that maintains, manages and operates NYPD as one of its municipal departments. The Mayor of the City of New York appoints the Commissioner of the NYPD. It is organized under the laws of the State of New York and is responsible for the policies, practices, supervision, and training of the NYPD and its officers.

10. Defendant POLICE OFFICER NICHOLAS CARDIERI (Shield No. 11420) is an NYPD member of service who participated in the unconstitutional acts described herein. He is sued in his individual and official capacities.

11. Defendant POLICE OFFICER DENNIS DIAZ (Shield No. 1270) is an NYPD member of service who participated in the unconstitutional acts described herein. He is sued in his individual and official capacities.

12. Defendant DETECTIVE JULIO MARTINEZ (Shield No. 7441) is an NYPD member of service who participated in the unconstitutional acts described herein. He is sued in his individual and official capacities.

13. Defendant SERGEANT LEONARDO DeOLIVEIRA is an NYPD member of service who supervised and/or participated in the unconstitutional acts described herein. He is sued in his individual and official capacities.

14. Defendants JOHN DOES 1 through 3 are NYPD officers whose identities are presently unknown members of service who participated in the unconstitutional conduct described herein. They are sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

15. On April 15, 2024, Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS visited the home of a close family friend of Brian's in Brooklyn, New York, to meet with

Plaintiff GAVIN NELSON, a then high school senior and relative of the homeowner in front of whose home the subject incident occurred.

16. Upon the arrival of Shakeem and Brian, the three began to discuss Gavin's potential use of Shakeem's luxury chauffeur service, HINDS CHAUFFEUR, for Gavin's then imminent senior prom.

17. When Plaintiff Hinds had parked his rented Mercedes Benz Maybach legally in front of the house, which is located at 813 East 51st Street in East Flatbush, Brooklyn.

18. The Maybach was one of the luxury vehicles Plaintiff Hinds used for his chauffeur service and he had driven it to the location so that Plaintiff Nelson could view it.

19. As Plaintiff Hinds had parked the vehicle, its engine was off. However, Plaintiff Hinds kept the battery of the vehicle on with the windows lowered so the three of them could receive some air while they sat and chatted in the car.

20. Suddenly, several NYPD officers, including the individually named defendants, arrived in what appeared to be a silver Ford Fusion and a black Impala, blocking the street and stopping alongside the legally parked vehicle in which Plaintiffs were seated.

21. Without justification or reasonable suspicion of any crime having been committed or in progress, the officers aggressively approached the Maybach.

22. Despite the fact that the Maybach was legally parked with the engine off, the officers descended upon Plaintiffs, surrounding the vehicle and demanding a license and registration from Gavin, who was seated in the driver's seat but had neither identification ("ID") nor control of the car.

23. Gavin explained to the officer that it was not his car and that he did not have ID on his person, as Plaintiffs Hinds and Cummings verbally protested their blatantly unlawful and racially motivated seizure.

24. Thereafter, the officers ordered all three plaintiffs to exit the vehicle which they all did without hesitation or resistance. The officers then unlawfully searched Plaintiffs, continuing to detain Plaintiff Nelson at the scene before releasing him to the custody of his grandmother who, by that time, was standing on her porch observing the officers' unlawful conduct.

25. Then, without probable cause, the officers arrested Plaintiffs Hinds and Cummings for allegedly obstructing governmental administration.

26. Plaintiffs Hinds and Cummings were then taken into custody at 67th Precinct stationhouse, where they were held and their arrests processed before they were released from custody with desk appearance tickets requiring them to appear in court to face criminal prosecution.

27. Thereafter, Plaintiffs Hinds and Cummings were subjected to criminal prosecution without any legal basis.

28. The criminal charges were ultimately resolved in favor of Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### (DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983)

29. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived Plaintiffs of their rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants, pursuant to the customs, usages, policies, practices, procedures, and the rules of defendant CITY OF NEW YORK and the New York City Police Department, all under the supervision of rankings officers of said department.

33. Defendants POLICE OFFICER NICHOLAS CARDIERI (Shield No. 11420); POLICE OFFICER DENNIS DIAZ (Shield No. 1270); DETECTIVE JULIO MARTINEZ (Shield No. 7441); SERGEANT LEONARDO DeOLIVEIRA (collectively, "NYPD Defendants"), collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, policy, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (FALSE ARREST/UNLAWFUL IMPRISONMENT UNDER 42 U.S.C. § 1983 - <u>AGAINST THE NYPD DEFENDANTS</u>)

34. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

35. The NYPD Defendants detained and arrested Plaintiffs without probable cause, causing them to be deprived of her liberty against their will for an extended and signficant period of time.

36. The NYPD Defendants caused Plaintiffs to be falsely arrested and unlawfully imprisoned.

37. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (VIOLATION OF EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983 - <u>AGAINST THE NYPD DEFENDANTS</u>)

38. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

39. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits governments from applying or passing laws that target or otherwise treat similarly situated individuals differently on the basis of certain protected classes including, but not limited to, an individual's race, ethnicity, religion and gender. Specifically, the equal protection clause states that: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

40. The NYPD Defendants denied Plaintiffs equal protection under the law based on their race.

41. The NYPD Defendants denied Plaintiffs equal protection under the law, based on their identities as people of African descent, by arresting them without probable cause, with deliberate indifference to the existence of probable cause.

42. The dismissive, degrading and callous manner in which the NYPD Defendants treated Plaintiffs constitutes disparate treatment, as the NYPD Defendants would not have treated Plaintiffs in that manner had they been white.

43. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 – AGAINST P.O. NICHOLAS CARDIERI)

44. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

45. POLICE OFFICER NICHOLAS CARDIERI (Shield No. 11420), as the arresting officer, initiated and continued criminal proceedings against Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS without probable cause and with actual malice.

46. Those criminal proceedings were terminated in favor of Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS on the merits through the dismissal of all criminal charges against Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS.

47. Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS both suffered deprivation of liberty after their arrests on April 15, 2024, as they were required to appear in court to answer their criminal charges after the aforementioned date.

48. As a result of the foregoing, Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983 -**
**<u>AGAINST THE NYPD DEFENDANTS</u>)**

49. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

50. The NYPD Defendants had an affirmative duty to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence by fellow officers.

51. The NYPD Defendants failed to prevent the unlawful conduct described herein, or to intervene to stop such unlawful conduct as it was occurring, despite having a realistic opportunity to do so.

52. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983 - AGAINST
## <u>THE NYPD DEFENDANTS</u>)

53. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

54. The supervisory defendants personally caused Plaintiffs constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

55. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 – AGAINST
## <u>DEFENDANT CITY OF NEW YORK</u>)

56. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

57. The NYPD Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, policy, practice, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States.

58. The aforementioned customs, usages, policies, practices, procedures, and the rules of the City of New York and the New York City Police Department ("NYPD") included, but were not limited to stopping, searching, harassing and/or arresting Black motorists without reasonable suspicion and/or probable cause.

59. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violations of Plaintiffs' rights, as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs, as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD were the moving force behind the constitutional violations suffered by Plaintiffs, as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD, Plaintiffs were detained and arrested without probable cause.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs' constitutional rights.

65. All of the foregoing acts by defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right: to be free from seizure and arrest not based on probable cause.

66. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(ABUSE OF PROCESS UNDER 42 U.S.C. § 1983 - AGAINST THE NYPD DEFENDANTS)**

67. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

68. Defendant CARDIERI employed regularly issued legal process under color of New York state law.

69. Defendant CARDIERI used the legal process with intent to do harm against Plaintiffs without justification.

70. Defendant CARDIERI used the legal process to achieve a collateral objective outside of the legitimate ends of that process.

71. Defendant CARDIERI acted under color of New York state law.

72. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**SUPPLEMENTAL STATE LAW CLAIMS**

73. Plaintiffs duly incorporate and reiterate each and every paragraph above as though fully set forth herein.

74. Within ninety (90) days after the claim herein accrued, Plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under General Municipal Law § 50-e.

75. Specifically, these Notices of Claim for each Plaintiff were timely filed with the City of New York on July 12, 2024.

76. The CITY OF NEW YORK has wholly neglected or refused to make adjustmens or payments of Plaintiffs' claims, and more than thirty (30) days have elapsed since the presentation of such claims as aforesaid.

77. This action was commenced within one (1) year and ninety (90) days after the causes of action herein first accrued.

78. Plaintiffs each appeared for a General Municipal Law § 50-h hearing and provided testimony concerning the incident.

79. Thus, Plaintiffs have duly complied with all conditions precedent to maintaining the instant action.

80. This action falls within one or more of the exceptions outlined in CPLR § 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
### RESPONDEAT SUPERIOR LIABILITY
### (NYPD DEFENDANTS)

81. Plaintiffs incorporate and reiterate each and every paragraph above as thoughfully set forth herein.

82. At all relevant times, Defendants POLICE OFFICER NICHOLAS CARDIERI (Shield No. 11420); POLICE OFFICER DENNIS DIAZ (Shield No. 1270); DETECTIVE JULIO MARTINEZ (Shield No. 7441); SERGEANT LEONARDO

DeOLIVEIRA, and JOHN DOES 1–3 were employees of the CITY OF NEW YORK.

83. At all relevant times, Defendants POLICE OFFICER NICHOLAS CARDIERI (Shield No. 11420); POLICE OFFICER DENNIS DIAZ (Shield No. 1270); DETECTIVE JULIO MARTINEZ (Shield No. 7441); SERGEANT LEONARDO DeOLIVEIRA, and JOHN DOES 1–3 were acting within the scope of their employment through their actions and omissions directed at Plaintiffs.

84. Defendant CITY OF NEW YORK is liable to Plaintiffs for the aforementioned acts and omissions of POLICE OFFICER NICHOLAS CARDIERI (Shield No. 11420); POLICE OFFICER DENNIS DIAZ (Shield No. 1270); DETECTIVE JULIO MARTINEZ (Shield No. 7441); SERGEANT LEONARDO DeOLIVEIRA, and JOHN DOES 1–3 under the doctrine of *respondeat superior*.

85. By virtue of the above, Plaintiffs have suffered actual damages and iare entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
### (FALSE ARREST UNDER THE LAWS OF THE STATE OF NEW YORK AGAINST ALL DEFENDANTS)

86. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

87. The NYPD Defendants arrested Plaintiffs without probable cause.

88. Plaintiffs were detained against their will for an extended and signficant period of time and subjected to physical restraints.

89. As a result of the aforementioned conduct, Plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

90. As a result of the aforementioned conduct, Plaintiffs suffered physical and mental injury, together with embarassment, humiliation, shock, fright and loss of freedom.

91. The NYPD Defendants caused the wrongful arrests of the Plaintiffs.

92. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALL INDIVIDUAL DEFENDANTS)

93. Plaintiffs incorporate and reiterate each and every paragraph above as thoughfully set forth herein.

94. The NYPD Defendants engaged in extreme and outrageous conduct towards Plaintiffs to their detriment.

95. The NYPD Defendants, through their extreme and outrageous conduct towards Plaintiffs, each individually demonstrated an intent to cause, or disregard of a substantial probability of causing, severe emotional distress in Plaintiffs.

96. The extreme and outrageous conduct of the NYPD Defendants towards Plaintiffs directly caused their severe emotional distress.

97. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## (VIOLATION OF EQUAL PROTECTION UNDER THE NEW YORK STATE CONSTITUTION – NYPD DEFENDANTS)

98. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

99. The New York State Constitution, including the equal protection clause thereof, Article 1, Section 11, and the 2024 New York State Equal Rights Amendment thereof, protects people from discrimination and unequal treatment based on, *inter alia*, race, color, ethnicity, national origin, age, disability, creed, religion and sex.

100. Here, the NYPD Defendants violated the rights of Plaintiffs under the New York State Constitution based on their race.

101. Specifically, the NYPD Defendants denied Plaintiffs equal protection under the New York State Constitution, based on their identities as people of African descent, by arresting them without probable cause and with deliberate indifference to the existence of probable cause.

102. The dismissive, degrading and callous manner in which the NYPD Defendants treated Plaintiffs constitutes disparate treatment, as the NYPD Defendants would not have treated Plaintiffs in that manner had they been white.

103. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW - AGAINST THE NYPD DEFENDANTS)

104. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

105. Defendant CARDIERI initiated and continued a criminal proceeding against Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS.

106. The criminal proceedings terminated in favor of Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS through the dismissal of all criminal charges on the merits and the sealing thereof, indicating their innocence.

107. There was never any probable cause for the criminal proceeding.

108. Defendant CARDIERI acted with actual malice against Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS.

109. As a result of the foregoing, Plaintiffs SHAKEEM HINDS and BRIAN CUMMINGS are entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (ABUSE OF PROCESS UNDER NEW YORK STATE LAW - AGAINST THE NYPD DEFENDANTS)

110. Plaintiffs incorporates and reiterates each and every paragraph above as though fully set forth herein.

111. Defendant CARDIERI employed regularly issued legal process.

112. Defendant CARDIERI used the legal process to achieve a collateral objective outside of the legitimate ends of that process.

113. As a result of that misconduct, Defendant CARDIERI misused the legal process.

114. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW – AGAINST NYPD DEFENDANTS)

115. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

116. Defendants violated the rights of Plaintiffs under New York City Administrative Code § 8-801 through 8-807, the New York City Human Rights Law ("NYCHRL") by means of Defendants' disparate and adverse treatment of Plaintiffs based on their race as individuals of African descent.

117. Defendant CITY OF NEW YORK is liable as the employer of the NYPD Defendants under New York City Administrative Code § 8-803(b).

118. Qualified immunity is not a defense to this claim.

119. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ATION
### NEGLIGENT SCREENING, HIRING AND RETENTION

120. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

121. At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

122. Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the NYPD Defendants, who conducted and participated in the arrests of Plaintiffs.

123. Defendant CITY OF NEW YORK knew or should have known, in the exercise of reasonable care, of the propensities of the NYPD Defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

124. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### NEGLIGENT TRAINING & SUPERVISION

125. Plaintiffs incorporate and reiterate each and every paragraph above as though fully set forth herein.

126. At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

127. Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the NYPD Defendants, who conducted and participated in the aforementioned acts of misconduct towards Plaintiffs.

128. As a result of the foregoing, Plaintiffs are entitled to compensatory damages, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## JURY DEMAND

129. Plaintiffs hereby demand a trial by jury on all issues pursuant to the Seventh Amendment to the U.S. Constitution and CPLR § 4102(a).

## REQUEST FOR RELIEF

WHEREOF, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

A. full and fair compensatory damages in an amount to be determined by a jury;

B. punitive damages against the individual defendants in an amount to be determined by a jury;

C. reasonable attorneys' fees and costs and disbursements of this action; and

D. such other and further relief that this Court may deem just, equitable and proper.

Dated: Queens, New York
July 14, 2025

                Respectfully submitted,

                _____
                Karl J. Ashanti, Esq.
                Musa-Obregon Law, P.C.
                *Attorneys for Plaintiffs*
                55-21 69th Street, 2nd Floor
                Maspeth, NY 11378
                (718) 803-1000
                K.ashanti@musa-obregon.com